*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF NEBRASKA*

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK     15-41873 |
| Beth Ann Sheridan | ) | Chapter 13 |
| | ) | |
| | ) | CHAPTER 13 PLAN |
| | ) | AND |
| Debtor(s). | ) | NOTICE OF RESISTANCE DEADLINE |

1.     PAYMENTS

The debtor or debtors (hereinafter called "Debtor") submits to the standing Chapter 13 trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (AxB) |
|---|---|---|
| $175.00 | 36 | $6,300.00 |
| $ | | $ |
| $ | | $ |

Total Plan Base Amount:     $6,300.00

The payment shall be withheld from the Debtor's paycheck:     Yes ☒     No ☐

Employee's name from whose check the payment is deducted:     Beth Ann Sheridan

Employer's name, address, city, state, phone:     Lincoln Family Medical Group
7441 O St #400
Lincoln, NE 68510

Debtor is paid:     Monthly ☐     Twice monthly ☐     Weekly ☐     Biweekly ☒     Other ☐

This plan cures any previous arrearage in payments to the Chapter 13 trustee under any prior plan filed in this case.

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

2.     ORDER OF PAYMENT OF CLAIMS

Applicable trustee fees shall be deducted, pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order: (1) 11 U. S. C. § 1326(a)(1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 trustee compensation; (3) other administrative expense claims under 11 U.S.C. § 503; (4) other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; (5) co-signed consumer debts; (6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3.     SECTION 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the trustee. Creditors must file a proof of claim to receive payment. Payments by the trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the trustee does not have funds available within seven working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| -NONE- | | | $ |

4.    ADMINISTRATIVE CLAIMS.

Trustee fees shall be deducted from each payment disbursed by the trustee.

Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K" provide for the maximum allowance of Chapter 13 attorney fees and expenses which may be included in a Chapter 13 plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $3,700.00 | $7.00 | $3,693.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than $ 157.50 per month and shall accrue from the month in which the case is filed.

5.    PRIORITY CLAIMS.

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

   A.    Domestic Support Obligations:

   1)    ☒ None[If none, skip to Priority Taxes section.]
   2)    Name of Debtor who owes Domestic Support Obligation: _____
   3)    The names(s), address(es), and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14)(A):

| Name | Address, City, and State | Zip Code | Telephone Number |
|---|---|---|---|
| | | | |

   4)    The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 Plan.

   (B)    Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A):

   1)    ☒ None        [If none, skip to subparagraph C below.]
   2)    Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears and monthly payment:

| Name of Creditor | Estimated Arrearage Claim | Monthly Payment On Arrearage |
|---|---|---|
| | $ | $ |

   C.    Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):

   1)    ☒ None[If none, skip to Priority Tax Claims.]
   2)    Name of Creditor, estimated arrearage claim and any special payment provisions:

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment |
|---|---|---|
| | $ | $ |

   D.    Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305:

| Federal:$0.00 | State:$0.00 | Total:$0.00 |
|---|---|---|
| | | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

E.   Chapter 7 Trustee Compensation Allowed Under § 1326(b)(3):

| Amount Allowed | Monthly Payment (greater of $25.00 or 5% of monthly payment to unsecured creditors) |
|---|---|
| $-NONE- | $ |

F.   Other Priority Claims:   None

6.   SECURED CLAIMS.
\* ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.

(A)(1)   Home Mortgage Claims (including claims secured by real property which the Debtor intends to retain).
Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate and Dollar Amount Limit, if any | | Post-confirmation Interest Rate | Monthly Payment Amount on pre-petition arrears | Total Payments on pre-petition arrears plus interest |
|---|---|---|---|---|---|---|---|
| US Bank Home Mortgage | 4517 Gladstone St Lincoln, NE 68504 | $0.00 | % | $ | % | $0.00 | $0.00 |

(A)(2) The following claims secured by real property shall be paid in full through the Chapter 13 plan:

| Name of Creditor | Property Description | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| -NONE- | | % | $ | % | $ | $ |

B) Post-Confirmation Payments to Creditors Secured by Personal Property. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to Which § 506 Valuation is NOT Applicable: Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments Plus interest |
|---|---|---|---|---|---|---|---|
| -NONE- | | $ | % | $ | % | $ | $ |

2) Secured Claims to Which § 506 Valuation is Applicable: Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

| Name of Creditor | Property Description | Estimated Value of Security or Amount Owed (use lowest amt.) | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | | Post-confirmation Interest Rate | Monthly Payment Amount | Estimated Total Payments plus interest |
|---|---|---|---|---|---|---|---|
| 1.  Nebraska Furniture Mart | Household Goods & Furnishings | $127.96 | 0.00% | $0.00 | 1.00% | *See above for payment | $130.64 |

3)  Other provisions:

C)       Surrender of Property. The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| -NONE- | |

D)       Lien Avoidance. The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount Owed | Property Upon Which Debtor Will Seek to Avoid Lien |
|---|---|---|
| -NONE- | $ | |

7.  EXECUTORY CONTRACTS/LEASES.

A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property Subject to Executory Contract |
|---|---|
| -NONE- | |

B)       The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property Subject to Executory Contract / Lease | Estimated Arrearages on Contract as of Date of Filing | Monthly Payment to be Made on Contract Arrearage | Regular Number of Contract Payments Remaining as of Date of Filing | Amount of Regular Contract Payment | Due date of Regular Contract Payment | Total Payments (arrears plus regular contract payments) |
|---|---|---|---|---|---|---|---|
| -NONE- | | $ | $ | | $ | | $ |

8.  CO-SIGNED UNSECURED DEBTS.

A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| -NONE- | $ | % | $ |

9.  UNSECURED CLAIMS.

A) Allowed unsecured claims shall be paid prorata from all remaining funds.

10. ADDITIONAL PROVISIONS.

A)       If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

B)      Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

C)      In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for the meeting of creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D)      Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

E)      After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb.R.Bankr.P. 9013-1(E)(1). Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.

## NOTICE OF RESISTANCE DEADLINE

ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (*SEE* ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE: JANUARY 26, 2016. IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

## CERTIFICATE OF SERVICE

On   December  8, 2015   the undersigned mailed a copy of this plan to all creditors, parties in interest, and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A Laughlin, Chapter 13 trustee and all others receiving CM/ECF notice.

DATED:   December  8, 2015   .

Beth Ann Sheridan,

Debtor(s)

By:  /s/ Thomas M McGuire
     Attorney for the Debtor(s)

Attorney Number: 22932
                 920 South 107th Ave.
                 Suite 225
Attorney Address: Omaha, NE 68114
Attorney Phone Number: 402-965-0775
Attorney Fax Number: 402-939-0430
                     tom@mhlawoffices.com,
Attorney Email Address:  david@mhlawoffices.com

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

AAMS
4800 Mills Civic Pkwy
Suite 202
West Des Moines, IA 50265-5265

Advanced Medical Imaging LLC
PO Box 82568
Lincoln, NE 68501-2568

Automated Accounts Management
Services
PO Box 65576
West Des Moines, IA 50265-0576

Bass & Associates, P.C.
3936 E Fort Lowell Rd, Suite 200
Tucson, AZ 85712-1083

Beth Ann Sheridan
4517 Gladstone St
Lincoln, NE 68504

Black Hills Corporation
1102 East 1st St
Papillion, NE 68046

Black Hills Energy
PO Box 6001
Rapid City, SD 57709

Bryan LGH Medical Center
PO Box 6991
Lincoln, NE 68506-0991

Bryan LGH Medical Center
PO Box 82557
Lincoln, NE 68501

Bryan LGH West
2300 S 16th St
Lincoln, NE 68502

Bryan Medical Center
PO Box 82557
Lincoln, NE 68501

Bryan Medical Center
PO Box 6991
Lincoln, NE 68506-0991

Cada, Cada, Hoffman & Jewson
1024 K Street
Lincoln, NE 68508

Cap1/frnrw
Po Box 30253
Salt Lake City, UT 84130

Cap1/mnrds
26525 N Riverwoods Blvd

Mettawa, IL 60045

Chase Receivables
1247 Broadway
Sonoma, CA 95476

Check 'n Go
2911 O Street
Lincoln, NE 68510

Convergent Outsourcing
800 SW 39th St
PO Box 9004
Renton, WA 98057

Credit Management Services
PO Box 1512
Grand Island, NE 68802

Credit One Bank
Po Box 98873
Las Vegas, NV 89193

DCI Credit Services Inc
c/o CT Corporation System
5601 S 59th St
Lincoln, NE 68516

Diversified Consultants
PO Box 551268
Jacksonville, FL 32255

eCast Settlement Corp
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Ste 200
Tucson, AZ 85712

Ficke Orthodontics
3100 O St
Lincoln, NE 68510

GECRB/ Walmart
PO Box 103104
Roswell, GA 30076

GEMB/ JC Penny
Po Box 103104
Roswell, GA 30076

Integrated Womens Health
7001 A St #200
Lincoln, NE 68510

JC Christensen & Associates
PO Box 519
Sauk Rapids, MN 56379

Kansas Counselors Of KC
Po Box 14765
Shawnee Mission, KS 66285

Lancaster County Attorney
575 S 10th St
Lincoln, NE 68508

Lancaster County Treasurer
555 S. 10th St
Lincoln, NE 68508

Liberty First Cu
501 N 46th St
Lincoln, NE 68503

Liberty First CU
PO Box 5248
Lincoln, NE 68505

Lincoln Anesthesiology Group
575 S 70th St Ste 305
Lincoln, NE 68510

Lincoln Family Medical Group
7441 O St #400
Lincoln, NE 68510

Lincoln Family Medicine Center
PO Box 30407
Lincoln, NE 68503-0407

Lincoln Orthopaedic Center, PC
PO Box 6939
Lincoln, NE 68506-0939

Lincoln Radiology Group
3901 Pine Lake Rd #310
Lincoln, NE 68516

Lincoln Radiology Group PC
PO Box 7239
Loveland, CO 80537

Linda M. Jewson
1024 K St
Lincoln, NE 68508

Messerli & Kramer PA
3033 Campus Dr, Ste250
Minneapolis, MN 55441

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123

Midland Funding LLC
by American InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

Nebraska Emergency Medicine
PO Box 81406
Lincoln, NE 68501

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Nebraska Emergency Medicine PC
PO Box 310457
Des Moines, IA 50331-0457

Nebraska Furniture Mart
PO Box 3000
Omaha, NE 68103

Nebraska Furniture Mart
PO Box 3456
Omaha, NE 68103

Nebraska Furniture Mart
PO BOX 3000
Omaha, NE 68103

Nebraska Hear Institute
2000 Q St Suite 501
Lincoln, NE 68503

Nebraska Orthopaedic & Sports
Medicine
575 S 70th St Ste 200
Lincoln, NE 68510

Nelnet
PO Box 82501
Lincoln, NE 68501

Nelnet
Attn: Claims
Po Box 17460
Denver, CO 80217

Nelnet Academic Loan
PO Box 2877
Omaha, NE 68103

Nelnet on Behalf of College Invest
1560 Broadway #1700
Denver, CO 80202

People's Health Center
1021 N 27th St
Lincoln, NE 68503

Physicians Laboratory Services
4840 F Street
Omaha, NE 68117-1407

Pioneers Medical Management
PO Box 82568
Lincoln, NE 68506

Portfolio Recovery Associates LLC
120 Corporate Boulevard
Norfolk, VA 23502

Portfolio Recovery Associates LLC
PO Box 12914
Norfolk, VA 23541

Portfolio Recovery Associates LLC
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541

Portfolio Recovery Associates LLC
140 Corporate Boulevard
Norfolk, VA 23502

Praxis Financial Solutions Inc
7301 N Lincoln Ave #220
Lincolnwood, IL 60712

Professional Choice Recovery
PO Box 5234
Lincoln, NE 68505

Recovery Management Systems
Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Red D Cash Inc
2601 N 11th
Lincoln, NE 68521

Saint Elizabeth Regional Medical
Center
555 South 70th St
Lincoln, NE 68510

Stoneleigh Recovery Associates
PO Box 1479
Lombard, IL 60148

Syncb/shaw
950 Forrer Blvd
Kettering, OH 45420

The Physician Network
2000 Q Street, Ste 500
Lincoln, NE 68503-3610

US Bank
4325 17th Ave S
Fargo, ND 58125

US Bank
PO Box 5227
Cincinnati, OH 45201

US Bank
PO Box 5229
Cincinnati, OH 45201

US Bank Hogan LOC
PO Box 5229
Cincinnati, OH 45201

US Bank Home Mortgage
PO Box 211128
Eagan, MN 55121

US Bank Home Mortgage
PO Box 20005
Owensboro, KY 42301

Us Bank Home Mortgage
4801 Frederica St
Owensboro, KY 42301

US Bank NA
Bankruptcy Department
PO Box 5229
Cincinnati, OH 45201-5229

Verizon
500 Technology Dr
Ste 550
Weldon Spring, MO 63304

Windstream
PO Box 9001908
Louisville, KY 40290

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy